**STATE of Delaware, Plaintiff Below, Appellant,**

v.

**Damond ANDERSON, Tyrone Reams, and Corey Wilson, Defendants Below, Appellees.**

No. 314, 1996.

Supreme Court of Delaware.

Submitted: June 10, 1997.

Decided: July 22, 1997.

---

Steven P. Wood (argued) Deputy Attorney General, Department of Justice, Wilmington, for Appellant.

Edmund M. Hillis (argued) Assistant Public Defender, Office of Public Defender, Wilmington, for Appellees Damond Anderson and Corey Wilson.

Joseph A. Gabay, Wilmington, for Appellee, Tyrone Reams.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT and BERGER, JJ., constituting the Court en Banc.

WALSH, Justice:

We have accepted four certified questions of law from the Superior Court pursuant to Supreme Court Rule 41(a). These questions concern the application of 10 *Del.C.* § 1011, the reverse amenability statute, to the pending trials of certain juveniles in the Superior Court charged with possession of a firearm during the commission of a felony. Our answers to these questions, in effect, uphold the constitutionality of the legislative scheme that denies the reverse amenability process to juveniles above the age of 16 years who have been charged with a violation of the firearms statute. We further hold that other offenses joined with firearms violations continue to be subject to the reverse amenability process under the usual standards governing the joinder of offenses.

I

The stipulation contained in the certification provides the following factual background underlying the questions posed.

On December 4, 1995, co-defendants Damond Anderson, Tyrone Reams, and Corey Wilson were indicted by the Grand Jury on charges of Robbery First Degree, Possession of a Firearm During the Commission of a Felony, and Conspiracy Second Degree. On the date of the offense, October 20, 1995, the three co-defendants were between the ages of 16 and 18. On January 23, 1996, defendant Anderson filed a Motion for an Amenability Hearing pursuant to 10 *Del.C.* § 939, which is now 10 *Del.C.* § 1011. The other co-defendants subsequently joined in the motion. The State opposed the joint motion and, alternatively, requested that the Superior Court certify to this Court certain questions implicated by the reverse amenability request.

The questions ultimately certified by the Superior Court are as follows:

I. When a defendant between the ages of 16 and 18 is charged in Superior Court with possession of a firearm during the commission of a felony pursuant to 11 *Del.C.* § 1447A(e), is the case subject to transfer to Family Court pursuant to the reverse amenability process?

II. When a defendant between the ages of 16 and 18 is charged in Superior Court with possession of a firearm during the commission of a felony pursuant to 11 *Del.C.* § 1447A(e) and assuming that the charge is not subject to transfer to Family Court pursuant to the reverse amenability process, may other offenses which have been properly transferred to Superior Court pursuant to 10 *Del.C.* § 921(16) be transferred back to Family Court pursuant to the reverse amenability process?

III. If a reverse amenability hearing is permitted, is the hearing to be conducted in regards to all offenses or only those properly joined to the jurisdiction of the Superior Court?

IV. If a reverse amenability hearing is not permitted, does the recent amendment to 10 *Del.C.* § 921 violate a defendant's right to due process and/or equal protection as afforded by the Delaware and United States Constitutions?

The questions directed to the availability of the reverse amenability process are prompted, in part, by a 1996 amendment to 10 *Del.C.* § 1447A, that became effective July 31, 1996. Prior to the 1996 amendment, the firearm statute provided in pertinent part:

§ 1447A. *Possession of a firearm during Commission of a Felony; class B felony*

(a) A person who is in possession of a firearm during the commission of a felony is guilty of possession of a firearm during the commission of a felony. Possession of a firearm during the commission of a felony is a class B felony.

(b) A person convicted under subsection (a) of this section shall receive a minimum sentence of 3 years at Level V, notwithstanding the provisions of § 4205(b)(2) of this title.

\*    \*    \*    \*    \*    \*

(e) Every person charged under this section over the age of 16 years shall be tried as an adult, notwithstanding any contrary provisions or statutes governing the Family Court or any other state law.

The 1996 amendment substituted the age of 15 years for the prior age of 16 years but repeated the language which required trial as an adult "notwithstanding ... any other state law." 70 Del.Laws c. 596, § 7.

Another statute, enacted by the General Assembly in 1995 bears upon the certified questions. That provision, 70 Del.Laws c. 261, § 2, now appearing as 10 *Del.C.* § 921(16), places a limitation on the exclusive original jurisdiction of the Family Court in the following language:

(16) Notwithstanding any provision of this title to the contrary, charges of delinquency based upon an alleged violation of any provision of Title 11, 16 or 21 of this Code which would otherwise be within the original civil jurisdiction of Family Court shall instead be within the original criminal jurisdiction of Superior Court if said charges may be joined properly with a felony pending against the same child in Superior Court, as determined pursuant to the relevant rules of the Superior Court.

The State advances a statutory construction argument seeking a restriction on the use of the reverse amenability process. It proceeds on the premise that the Family Court, as a creature of statute with its jurisdiction defined by the General Assembly, may be denied adjudication over such offenses as the legislature may from time to time decide. Thus, it is argued, if the General Assembly has determined that certain offenses must be adjudicated in the Superior Court, the reverse amenability process, whether applied to certain discrete felonies or to a combination of other offenses otherwise within the jurisdiction of the Family Court, does not apply. A corollary of this argument is that a defendant so charged in the Superior Court enjoys no constitutional entitlement to transfer the charges against him to Family Court.

The defendants, building upon the rulings of this Court in *Marine v. State,* Del.Supr., 607 A.2d 1185 (1992) ("*Marine I*"); *Marine v. State,* Del.Supr., 624 A.2d 1181 (1993) ("*Marine II*") and *Hughes v. State,* Del. Supr., 653 A.2d 241 (1994), contend that the reverse amenability process is a matter of constitutional entitlement as a judicial check

on prosecutorial discretion and cannot be denied to the defendants in this case.

## II

■ Preliminarily, we note that in addressing certified questions of law, as distinct from review of trial court rulings, the normal standards of review do not apply. This Court must review the certified questions in the context in which they arise. *Rales v. Blasband,* Del.Supr., 634 A.2d 927, 931 (1993). Here, the certified questions arise in the context of a motion for a reverse amenability hearing and thus we address these matters to the same extent as if the motion were presented to us in the first instance. The questions embedded in the motion require this Court to interpret statutory provisions and to determine whether the statutes in question infringe upon State and Federal Constitutional rights. We thus consider this question as posing matters of law.

Although we have accepted four separate questions, upon analysis it appears that they overlap conceptually and can be answered in two rulings. Thus Question I, concerning the denial of the reverse amenability process to certain minors poses a separate and discrete issue of entitlement to a reverse amenability hearing. Questions II, III, and IV are interrelated factually and conceptually. All deal with the entitlement to, and extent of, a reverse amenability hearing with respect to offenses joined for prosecution with a violation of the felony/firearms statute.

## A.

■■ Our answer to Question 1 requires that, as a prelude, we restate certain holdings in our decisional law concerning criminal law jurisdiction of juveniles. As the repository of legislative authority, the General Assembly is vested with broad authority to define criminal behavior and to classify child offenders "based on their age for purpose of selecting the appropriate court for adjudication." *Hughes,* 653 A.2d at 248. That discretion is not absolute, however, and classification "must be founded on differences reasonably related to the purposes of the statute in which the classification is made." *State v. Ayers,* Del.Supr., 260 A.2d 162, 171 (1969). Age-based distinctions do not pertain to fundamental rights or affect a suspect class and such classifications, when attacked on equal protection or due process grounds, are presumed to be valid. They "will not be set aside if any state of facts reasonably may be considered to justify it." *Marine I,* 607 A.2d at 1207 (quoting *Traylor v. State,* Del.Supr., 458 A.2d 1170, 1177 (1983)).

■ In *Marine I* this Court upheld the constitutionality of the Delaware statutory scheme for allocation of jurisdiction over children charged with criminal offenses. In *Marine I* and later in *Hughes,* we focused on two exceptions to the general policy in favor of proceeding against children in a civil setting by allowing juveniles to be prosecuted as adults. First, under 10 *Del.C.* §§ 1010(a)(1) and (a)(3),[1] children, regardless of age, who are charged with certain serious felonies, are prosecuted as adults. Second, under 10 *Del.C.* § 1010(a)(2), the Family Court has the discretion to transfer the case of a child over nineteen years of age to the Superior Court for trial as an adult if the court concludes that the child is not amenable to the Family Court processes. This case appears to present a third category, or perhaps a subset of offenses committed by certain juveniles that have been classified as within the exclusive jurisdiction of the Superior Court—possession of a firearm during the commission of a felony. In actuality, exclusive Superior Court jurisdiction conferred by the felony/firearm statute may be viewed as included in the prospective language of § 1010(a)(3). In any event, there is little doubt that by enacting 11 *Del.C.* § 1447A(e), the General

---

1. § 1010. **Proceeding against child as an adult; amenability proceeding; referral to another court.**
   (a) A child shall be proceeded against as an adult where:
   (1) The acts alleged to have been committed constitute first or second degree murder, un-
   lawful sexual intercourse in the first degree or kidnaping in the first degree, or any attempt to commit said crimes;
   * * *
   (3) *The General Assembly has heretofore or shall hereafter so provide.*

Assembly intended that individuals over the age of 15 years charged with this offense be tried as adults.

Defendants contend that this Court's previous construction of the reverse amenability statute, 10 *Del.C.* § 1011, operates as a judicial check on prosecutorial arbitrariness, and that *Marine I* and *Hughes* require that process to be made available to juveniles charged under the felony/firearm statute as a matter of constitutional right. It is true that we have viewed both the amenability and reverse amenability processes as containing "pivotal constitutional safeguards" providing "independent judicial scrutiny" over the charging of juveniles. *Hughes,* 653 A.2d at 249; *Marine II,* 624 A.2d at 1186. But *Marine II* is distinguishable factually from the case *sub judice* and the statute under review in *Hughes* posed risks that are not present in prosecutions under the felony/firearm statute.

In *Marine I,* our ruling was directed to a situation in which a 14 year old defendant was arrested for murder second degree but indicted for murder first degree, placing him within the exclusive jurisdiction of the Superior Court. Marine was convicted in the Superior Court of murder second degree an offense for which, at that time, the Family Court would have had exclusive jurisdiction. In *Marine I,* this Court held that the Superior Court did not properly apply the reverse amenability process to insure against prosecutorial overcharging.

In *Hughes,* this Court invalidated a statute that, in effect, sought to deny the reverse amenability process to juveniles who reached 18, or "aged out," before their cases could be adjudicated in the Family Court. We ruled that an individual who was a juvenile when arrested but who is tried as an adult because of the "scheduling variables" of a court calendar should not be denied the benefit of an independent judicial evaluation, through the reverse amenability process, on the basis of the charge against him.

The defendants in this case are charged with a discrete offense—possession of a firearm during the commission of a felony. Unlike the defendant in *Marine,* there are no gradations or lesser included offenses within

that charge and the defendants are not subject to disparate treatment when compared with other juveniles over the age of 16 so charged. We thus perceive no need for an independent judicial evaluation of the charge to determine if these defendants have been subject to overcharging. Moreover, the legislative concern over the increased use of firearms by juveniles in committing felonies is a matter which surely falls within its policy formation authority. This Court cannot turn a blind eye to the public harm that the statute seeks to prevent and we will not second-guess the obvious legislative purpose in extending adult jurisdiction to persons 16 and 17 years of age in possession of firearms. As this Court noted in *Ayers:* "An individual between the ages of 16 and 18 is as capable of violent action as is an older individual." *Ayers,* 260 A.2d at 171.

Our decision in *Ayers* preceded the adoption of the reverse amenability statute, but the teaching of *Ayers* remains viable: when a juvenile participates in violent action he may be viewed as forfeiting his special status and the General Assembly may act within its sound discretion in fixing the relationship between age and conduct. While the reverse amenability process continues to have utility in guarding against prosecutorial abuse and disparate treatment of juveniles, it is not required to sustain the jurisdiction of the Superior Court for individuals over the age of 16 years charged with violation of the felony/firearm statute. Accordingly, we answer Question I in the negative.

## B.

■ As previously noted, Question II, III and IV all pertain to the entitlement of a juvenile who is charged in the Superior Court under the felony/firearm statute to a reverse amenability proceeding with respect to companion offenses. These questions were precipitated by a 1995 amendment to 10 *Del.C.* § 921 that defines the basic jurisdiction of the Family Court. That statute, enacted into law as 70 Del.Laws c. 261 and now appearing as 10 *Del.C.* § 921(16), provides as follows:

(16) Notwithstanding any provision of this title to the contrary, charges of delinquency based upon an alleged violation of any provision of Title 11, 16 or 21 of this Code which would otherwise be within the original civil jurisdiction of Family Court shall instead be within the original criminal jurisdiction of Superior Court if said charges may be joined properly with a felony pending against the same child in Superior Court, as determined pursuant to the relevant rules of the Superior Court.

The Synopsis accompanying the legislation recites that the bill is intended "to deter juvenile crime and promote judicial efficiency by allowing all criminal charges relating to a crime committed by a juvenile to be prosecuted in Superior Court whenever any of the charges are properly brought there." 70 Del.Laws c. 261. Drawing on the synopsis as revealing legislative intent, the State argues that the act mandates that any offense properly joined with a felony/firearm offense that would otherwise fall within the original civil jurisdiction of the Family Court shall instead fall within the original criminal jurisdiction of the Superior Court. Moreover, it is argued, the properly joined companion offenses must be prosecuted in the Superior Court without the possibility of transfer to the Family Court through the reverse amenability process.

The State's argument does not square with the plain language of § 921(16). To be sure, this section gives the Superior Court original jurisdiction over properly joined offenses that otherwise would be within the jurisdiction of the Family Court. Nothing in this statute, however, prohibits the Superior Court from transferring jurisdiction from itself to the Family Court with respect to charges not specifically designated by the General Assembly as those for which juvenile offenders must be proceeded against as adults. The State's attempt to construe the introductory language of the statute "Notwithstanding any provision of this title to the contrary" as indicative of legislative intent to eliminate the reverse amenability process on companion charges is unavailing. To begin with, the statute's primary purpose is the achievement of judicial efficiency. We are not inclined to ascribe to a statute that is designed to promote better case management, the intent to abolish a transfer process which, with respect to certain offenses, has been viewed as providing a judicial check on prosecutorial overcharging—a function with implications of important equal protection and due process guarantees in the prosecution of certain offenses. *Marine I,* 607 A.2d at 1209–12; *Hughes,* 653 A.2d at 245.

The State's argument also exaggerates the legal effect of the plain language of the statute. Conferring original jurisdiction on the Superior Court with respect to particular offenses is materially different from providing that a juvenile charged with a given offense shall be tried as an adult, particularly if the companion offenses constitute misdemeanors, drug offenses or traffic violations. Adopting the State's position would require us to construe the statute as a mandate that the Superior Court must process the companion charges, no matter how innocuous, in its system, rather than give that court the preliminary decision whether or not to retain jurisdiction over certain companion offenses. A fixed mandate would be the antithesis of efficient case management.

A construction that views the statute as permissive permits the Superior Court to apply the usual standards which govern joinder and severance of offenses. *See* Superior Court Criminal Rules 8 and 14. In most cases, we envision that the Superior Court most likely will decide to retain jurisdiction over companion charges simply because the standards of joinder may so suggest. In the reverse amenability process decision as to other offenses, the Superior Court is free, of course, to take into consideration as a factor, perhaps a significant factor, the fact that the felony/firearm offense must be decided in the Superior Court and that the juvenile will not be spared adult court proceedings in any event, regardless of the merit of the companion charges and the prospect for rehabilitation. But, in our view, nothing in section 921(16) prohibits the Superior Court from holding a reverse amenability hearing and permitting transfer to the Superior Court of those companion charges over which the Family Court would otherwise have had jur-

isdiction. Accordingly, certified Question II is answered in the affirmative.

### C.

■ The answer to Certified Question III is foreshadowed by our answers to Questions I and II. For the reasons previously stated, a reverse amenability hearing is permissible only for those charges properly joined under 10 *Del.C.* § 961(16) to the charge of possession of a firearm during the commission of a felony. By operation of 10 *Del.C.* § 1011(b) and 11 *Del.C.* § 1447A(e), no reverse amenability hearing is available for the charge of possession of a firearm during the commission of a felony.

### D.

Certified Question IV, as phrased, is somewhat ambiguous and depends for its answer on the determination of whether the companion offenses, or the felony/firearm charge, or both, are subject to the reverse amenability process. We have concluded that juveniles over the age of 16 years charged with a violation of 11 *Del.C.* § 1447A(e) are not entitled to a reverse amenability hearing but, with respect to companion offenses a reverse amenability hearing is permissible.

In our answer to certified Question I we have concluded that as to the felony/firearm charge, we perceive of no equal protection or due process barrier to the denial of a reverse amenability hearing. Since under our answer to Question II, the entitlement to a reverse amenability hearing with respect to companion offenses remains intact, there is no need to pass upon defendants' constitutional arguments.

In sum, the Certified Questions are answered as follows:

Question I: No

Question II: Yes

Question III: Limited reverse amenability hearing permitted

Question IV: Answered by Question III.