IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JONATHAN JOHNSON, | § | |
| | § | |
| Defendant Below, | § | No. 512, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0112005167 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 31, 2020
Decided: May 26, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the opening brief, motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Jonathan Johnson, has appealed the Superior Court's denial of his motion for correction of illegal sentence.  The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Johnson's opening brief that the appeal is without merit.  We agree and affirm.

(2)     The record reflects that, in December 2001, Johnson was charged with possession of a firearm during the commission of a felony ("PFDCF"), second-

degree assault, and possession of a deadly weapon by a juvenile. The charges arose from Johnson, who was fifteen, shooting a friend. According to the Family Court record that appears within the Superior Court record, Johnson's counsel waived a preliminary hearing in the Family Court with the charges being bound over to the Superior Court for action by a grand jury.

(3)     In February 2002, the grand jury charged Johnson with PFDCF, second-degree assault, and possession of a deadly weapon by a person prohibited ("PDWBPP"). Johnson subsequently pled guilty to carrying a concealed weapon ("CCDW"), as a lesser included of offense of PDWBPP, and second-degree assault. The Superior Court sentenced Johnson to a total of four years of Level V incarceration, suspended for three months of Level IV home confinement, followed by Level III supervision. Johnson did not appeal. After his second violation of probation, the Superior Court sentenced Johnson, on July 16, 2003, to 90 days of Level V incarceration for second-degree assault. For his CCDW conviction, Johnson was discharged from probation as unimproved.

(4)     On August 19, 2019, Johnson filed a motion for correction of illegal sentence. He argued that the Superior Court should vacate his sentence and remove the second-degree assault conviction from his record because he did not authorize any attorney to waive his right to a preliminary hearing or amenability hearing in the Family Court before his case was transferred to the Superior Court. The Superior

2

Court denied the motion, finding that Johnson sought relief outside the scope of Superior Court Criminal Rule 35(a), he had already completed the sentences he challenged, a grand jury indictment eliminates the need for a preliminary hearing, and he could be tried in the Superior Court. This appeal followed.

(5) We review the denial of a motion for correction of sentence for abuse of discretion.[1] To the extent a claim involves a question of law, we review the claim *de novo*.[2] The Superior Court did not err in finding that Johnson sought relief outside the scope of Rule 35(a).[3] The Superior Court also did not err in finding that Johnson's completion of his 2002 sentences rendered his claims moot.[4] Johnson has not identified any collateral consequences of his 2002 convictions or sentences that would justify review here.[5] It is therefore unnecessary to reach the merits of Johnson's claims, but we note that the Superior Court had jurisdiction over

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[2] *Id.*
[3] *Baltazar v. State*, 2015 WL 257334, at *3 (Del. Jan. 20, 2015) ("Superior Court Criminal Rule 35 is limited to modifying or correcting a sentence, not vacating a conviction.").
[4] *Gural v. State*, 251 A.2d 344, 345 (Del. 1969) (holding that completion of a sentence renders a case moot unless the defendant can establish a right lost by reason of the conviction).
[5] *See, e.g., Lewis v. State*, 2020 WL 1909195, at *2 (Del. Apr. 17, 2020) (dismissing appeal as moot where the defendant had completed sentence for PFDCF and did not identify any collateral consequences of his PFDCF conviction or sentence that would justify appellate review); *Paul v. State*, 2011 WL 3585623, at *1 (Del. Aug. 15, 2011) (affirming the Superior Court's dismissal of postconviction motion where the defendant had completed his sentence and had not identified any right lost or burden imposed as a result of the conviction).

Johnson's PFDCF charge[6] and could exercise jurisdiction over the companion charges.[7]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[6] 10 *Del. C.* § 1010(a)(4) (1998) (providing that a "child shall be proceeded against as an adult where…[t]he General Assembly has heretofore or shall hereafter so provide."); 11 *Del. C.* § 1447A(e) (2001) (stating that an individual over the age of 15 who is charged with PFDCF "shall be tried as an adult, notwithstanding any contrary provisions or statutes governing the Family Court or any other state law"); *State v. Anderson*, 697 A.2d 379, 383 (Del. 1996) (holding that a juvenile charged with PDCF under § 1447A(e) was not entitled to a reverse amenability hearing on the PFDCF charge and had to be tried on that charge as an adult in the Superior Court).

[7] 10 *Del. C.* § 921(16) (2000) ("Notwithstanding any provision of this title to the contrary, charges of delinquency based upon an alleged violation of any provision of Title 11, 16 or 21 which would otherwise be within the original civil jurisdiction of Family Court shall instead be within the original criminal jurisdiction of Superior Court if said charges may be joined properly with a felony pending against the same child in Superior Court, as determined pursuant to the relevant rules of the Superior Court."); *Anderson*, 697 A.2d at 384-85 (holding that the reverse amenability process was available for the Superior Court to transfer companion charges not specifically identified by the General Assembly as requiring juveniles to be tried as adults to the Family Court, but also recognizing that the Superior Court would likely decide to retain jurisdiction over those charges).