IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HARRY CHARLES, | § | |
| | § | No. 256, 2021 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Crim. ID Nos. 2006000287 |
| STATE OF DELAWARE, | § | 2008001207 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: August 27, 2021
Decided: September 14, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

After careful consideration of the notice of interlocutory appeal, the supplemental notice of appeal, and the documents attached thereto, it appears to the Court that:

(1)    The appellant, Harry Charles, a juvenile, is facing various criminal charges—including first-degree murder—in the Superior Court.[1]  On November 24, 2020, Charles filed a motion to transfer the charges to the Family Court under 10 *Del. C.* § 1011(b).  Following a hearing, the Superior Court denied the motion on

---

[1] Under 10 *Del. C.* § 1010(a)(1), a child shall be prosecuted as an adult when he is charged certain specific offenses, including first-degree murder.

August 6, 2021 ("the Opinion"). In so doing, the Superior Court relied in part on its understanding that the Division of Youth Rehabilitative Services ("YRS") can only provide services to a juvenile until he reaches the age of nineteen.

(2) On August 13, 2021, Charles asked the Superior Court to certify an interlocutory appeal from the Opinion under Supreme Court Rule 42. In support of his application, Charles argued that the following Rule 42(b)(iii) factors weighed in favor of granting interlocutory review: the Opinion raises a question of law related to the application of a statute[2]—specifically, whether YRS can provide services to a juvenile until he reaches the age of twenty-one under 10 *Del. C.* § 928(b); the Opinion has sustained the controverted jurisdiction of the trial court;[3] and review of the Opinion would serve the considerations of justice.[4] The State opposed the application.

(3) On August 26, 2021, the Superior Court denied Charles' application, finding that this Court does not have jurisdiction to hear his interlocutory appeal. The Superior Court is correct. The charges pending against Charles have been criminal, not civil, from the outset.[5] Under settled Delaware law, this Court does not

---

[2] Del. Supr. Ct. R. 42(b)(iii)(C).
[3] Del. Supr. Ct. R. 42(b)(iii)(D).
[4] Del. Supr. Ct. R. 42(b)(iii)(H).
[5] *See State v. Anderson*, 697 A.2d 379, 382 (Del. 1997) (recognizing the exception to the general policy of proceeding against children in a civil setting by allowing juveniles charged with the serious crimes listed in 10 *Del. C.* § 1010(a)(1) to be prosecuted as adults).

2

have jurisdiction to consider a criminal interlocutory appeal.[6]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[6] Del. Const. art. IV, § 11(1)(b).

3