IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SAMUEL BALTAZAR, | § | |
| | § | No. 92, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below – Superior Court |
| | § | of the State of Delaware, |
| v. | § | in and for Sussex County |
| | § | |
| STATE OF DELAWARE | § | Cr. ID No. 1104009636 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 14, 2015
Decided: January 20, 2015

Before **HOLLAND, RIDGELY,** and **VAUGHN,** Justices.

## **O R D E R**

This 20th day of January, 2015, it appears to the Court that:

(1)    The Defendant Below/Appellant Samuel Baltazar ("Baltazar") was indicted for Unlawful Sexual Contact First Degree and Endangering the Welfare of a Child, both of which are felonies.   On August 23, 2011, Baltazar entered a *Robinson*[1] Plea to the lesser included misdemeanor offenses of Unlawful Sexual Contact Third Degree and Endangering the Welfare of a Child.   Thereafter, he was sentenced.   This is an appeal from the Superior Court's denial of Baltazar's Motion to Vacate Conviction under Superior Court Criminal Rule 35 and Motion for Post-Conviction Relief under Supreme Court Criminal Rule 61.

---

[1] *Robinson v. State*, 291 A.2d 279 (Del. 1972).

(2) We have determined that the Superior Court did not abuse its discretion in refusing to vacate Baltazar's conviction because Rule 35 does not permit vacating a conviction, but is limited to applications for either modifications or corrections of sentences. We have also concluded that the Superior Court did not abuse its discretion in refusing to grant Baltazar Rule 61 Motions for Post-conviction Relief for two reasons: first, because Baltazar lacks standing to bring a claim under Rule 61; and second, because Baltazar's Rule 61 motion is time-barred.

(3) Baltazar is a native and citizen of Guatemala. He was granted Lawful Permanent Resident Status on December 1, 1990. He entered into a *Robinson* Plea on August 23, 2011 to the charges of Unlawful Sexual Contact Third Degree and Endangering the Welfare of a Child. The Plea Agreement Form stated that the "defendant understands that this plea may affect his immigration status." The Truth In Sentencing Form provided that the defendant acknowledged the following language: "NON-CITIZENS: Are you aware that conviction of a criminal offense may result in deportation/removal, exclusion from the United States, or denial of naturalization?" The answer was marked "YES." Counsel also stated the following:

> I've explained to him that, even though this isn't a felony, it might have ramifications regarding this status in this country. He's legal. He has permanent legal residency, but this may affect his ability to stay in the county, and he's aware of that.

(4) Baltazar entered his plea with the help of an interpreter. His counsel told the Superior Court that he had reviewed all the forms with Baltazar through the interpreter. Baltazar testified that his attorney had reviewed the guilty plea form with him line-by-line. The Superior Court accepted the plea as knowingly, voluntarily and intelligently offered.

(5) Baltazar was then sentenced as follows:

S11-04-1128: Unlawful Sexual Contact Third Degree: 6 months at Supervision Level 5, suspended for 1 year at Supervision Level 3 Probation (consecutive to S11-04-1129).

S11-04-1129: Endangering the Welfare of a Child: 12 Months at Supervision Level 5, suspended for 12 months at Supervision Level 3 probation.

(6) Baltazar successfully completed Level 3 Probation and was subsequently granted an "early discharge" from Probation by the Superior Court, Sussex County, on or about August 14, 2012. Immigration and Customs Enforcement requested certified copies of the Indictment, Plea Agreement and Sentence Order in January 2013, initiated deportation proceedings against Baltazar and took him into custody on or about April 9, 2013. Baltazar was ordered to be deported on or about September 5, 2013.

(7) Baltazar filed a *pro se* Rule 61 Motion for Post-Conviction Relief on October 9, 2013. He alleged that his counsel was ineffective for not properly

3

advising him of the immigration consequences prior to the entry of the plea, because he would face the virtual certainty of his removal from the United States. He also claimed he was denied his right to speedy trial because he was quickly persuaded to enter a plea and he was not provided with a copy of the indictment. He alleged he did not have an opportunity to review the Grand Jury minutes and was forced into a plea without an opportunity to evaluate the matter. Baltazar claimed he was coerced into confessing and entering the guilty plea. According to Baltazar, he had no education and could not understand his lawyer based on his limited English and was misled by counsel telling him not to proceed to trial because he would not succeed.

(8) Current counsel was then appointed by the Superior Court to represent Baltazar in his Rule 61 Motion for Post-Conviction Relief. Counsel filed a Motion to Vacate Conviction on or about January 8, 2014. The motion sought to vacate Baltazar's convictions for Unlawful Sexual Contact Third Degree and Endangering the Welfare of a Child based on the "collateral legal disabilities rule" that was identified by this Court in *Gural v. State*.[2] The motion argued that Baltazar's deportation order was an "extraordinary circumstance" and constituted a "collateral legal disability" flowing from his convictions and that his convictions should be vacated. The Superior Court ruled that Baltazar received appropriate collateral

---

[2] 251 A.2d 344, 345 (Del. 1969).

consequence warnings based on the language in the Plea Agreement Form and Truth In Sentencing Form and found there was no extraordinary circumstance.

(9) In response to the Superior Court's ruling, Baltazar's counsel submitted an Amended Motion to Vacate Conviction under Superior Court Criminal Rule 35. In this motion, counsel acknowledged Baltazar had been adequately advised before he entered his guilty pleas. Counsel admitted in a footnote that he misunderstood the applicable standard and requested the Superior Court to consider Baltazar's arguments in the interests of justice. The State was opposed to any form of relief for Baltazar.

(10) The Superior Court issued a decision on February 5, 2014, denying Baltazar's Rule 61 Motion for Post-Conviction Relief and Motion to Vacate Conviction and the Rule 35 Amended Motion to Vacate Conviction. The Superior Court held that Baltazar had been fully advised of the potential impact of the convictions on his immigration status. The Superior Court also held that the pending deportation matter did not constitute an extraordinary circumstance.

(11) The record reflects that the Superior Court did not abuse its discretion in refusing to vacate Baltazar's sentence under Rule 35. In *Gural v. State,* this Court adopted the "federal rule" that "satisfaction of the sentence renders the case moot unless . . . the defendant suffers collateral legal disabilities." This Court has held that "collateral consequences, such as inability to engage in certain business

5

activities or restricted civil rights, could be grounds to permit relief after the completion of a sentence."

(12) Superior Court Criminal Rule 35(b) provides that the Superior Court may consider a motion for the *reduction* status of a sentence made more than ninety days after imposition of a sentence only in extraordinary circumstances. In *State v. Lewis*,[3] this Court held that the risk of deportation might amount to extraordinary circumstances despite the fact that the defendant's sentence had already been served. This Court found the Superior Court did not abuse its discretion in *modifying* a sentence that had already been served when it considered the nature of the original sentence; the time defendant spent actually incarcerated; possible deportation of the defendant; and the hardship on innocent persons that would result from the defendant's deportation.

(13) Unlike the modification request in *Lewis*, Baltazar seeks to have his sentence vacated. Superior Court Criminal Rule 35 is limited to modifying or correcting a sentence, not vacating a conviction. In *Lewis*, this Court held that Rule 35 is unambiguous. Since the plain language does not include vacating a sentence, the Superior Court properly held that Baltazar was not entitled to relief under Rule 35.

---

[3] *State v. Lewis*, 797 A.2d 1198 (Del. 2002).

(14) The record also reflects the Superior Court did not abuse its discretion when it denied Baltazar's Rule 61 Motion For Post-conviction Relief. In his *pro se* motion for postconviction relief, Baltazar asserted several claims, including the argument that his counsel was ineffective for failing to advise him of the immigration consequences of the convictions to which he pleaded guilty. Then, in a letter to the Superior Court, Baltazar conceded that he had received "adequate and sufficient notice of the potential collateral consequences to his immigration status to withstand scrutiny of prior counsel's performance." The Superior Court denied Baltazar's motion for postconviction relief, noting that Baltazar had recognized that Rule 61 was not the appropriate path for procedural relief on a collateral consequences claim that was independent of an ineffective assistance of counsel claim.[4]

(15) On appeal, however, Baltazar asks this Court to find his counsel was ineffective based on the argument that, at the time of his plea, his conviction would have resulted in certain deportation, while his attorney merely advised him that it would result in a risk of deportation.[5] He requests that his case be remanded to the Superior Court for an evidentiary hearing.

(16) This Court has held that a defendant who has been discharged from probation and is not subject to any future custody for his conviction has no

---

[4] *State v. Lewis*, 797 A.2d 1198 (Del. 2002).
[5] *Padilla v. Kentucky*, 559 U.S. 356 (2010).

standing to seek relief under Rule 61.[6] Baltazar was discharged from probation on August 9, 2012. Therefore, he lacks standing to pursue a claim under Superior Court Criminal Rule 61 for ineffective assistance of counsel.

(17) Even if Baltazar did have standing, his claim still fails because it is procedurally barred under Rule 61(i)(1) as untimely. The Superior Court found Baltazar's motion for postconviction relief to have been timely filed. However, that finding is not supported by the record. Baltazar had one year to file a motion for postconviction relief from the date his conviction became final. Under Rule 61(m)(1), Baltazar's conviction became final thirty days after August 23, 2011, the date when the Superior Court imposed his sentence. He did not file his motion for postconviction relief until October 9, 2013, more than two years later. Baltazar is not asserting a retroactively applicable right that is newly recognized to justify exception from the time bar of Rule 61. Therefore, consideration of his Rule 61 postconviction relief is barred as untimely.

NOW, THEREFORE, it is hereby ordered that the judgment of the Superior Court is affirmed.

BY THE COURT:

_Randy J Holland_
Justice

---

[6] *Ruiz v. State*, 2008 WL 1961187, *2 (Del. May 7, 2008).

8