IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TERRANCE WATSON, | § | |
| | § | No. 688, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Sussex County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1202008234 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 30, 2015
Decided: March 30, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 30th day of March 2015, upon careful consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, Terrance Watson, filed this appeal from the Superior Court's November 19, 2014 order that summarily dismissed his motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of

Watson's opening brief that the appeal is without merit.[1]  We agree and affirm.

(2)  The record reflects that, following his arrest in February 2012 and three-count indictment in April 2012, Watson agreed to plead guilty to Possession of a Non-Controlled Prescription Drug, and the State agreed to enter a *nolle prosequi* on the remaining two charges.  On June 20, 2012, the Superior Court accepted Watson's guilty plea and sentenced him to six months at Level V suspended after four months and then discharged as unimproved.

(3)  It appears from the record that, at the time of his arrest in February 2012, Watson was on parole from a life sentence imposed in 1985.[2]  At a parole hearing on August 28, 2012, Watson's parole was revoked, and he was ordered to return to prison to serve the balance of the 1985 sentence, subject to reapplying for parole in twenty-four months.[3]

(4)  In October 2012, Watson began filing a series of motions seeking a modification of the sentence imposed on June 20, 2012.  By order

---

[1] Del. Supr. Ct. R. 25(a).

[2] The Court takes judicial notice of the Superior Court docket in *State v. Watson*, Del. Super., Cr. ID No. 85000384DI.

[3] *See* docket at 42, *State v. Watson*, Del. Super., Cr. ID No. 85000384DI (Aug. 30, 2012).

dated June 21, 2013, the Superior Court denied the latest motion as moot because, by that time, Watson had completed the six-month sentence.

(5)    On June 2, 2014, Watson filed a motion for postconviction relief under Rule 61. Watson sought to have his 2012 drug conviction vacated based on a claim that the State was required, under *Brady v. Maryland* (hereinafter "*Brady* claim"), to disclose alleged misconduct in the Office of the Chief Medical Examiner ("OCME").[4] By order docketed on November 19, 2014, the Superior Court summarily dismissed Watson's postconviction motion after determining that the *Brady* claim was unavailing, and that Watson no longer had standing to file for relief under Rule 61. We agree and affirm.

(6)    Watson raises a *Brady* claim based on alleged misconduct in the OCME. A similar claim was recently addressed and rejected by this Court in *Brown v. State*.[5] In *Brown* we held that:

> By pleading guilty, Brown gave up his right to trial and his right to learn of any impeachment evidence. Brown is bound by the statements he made to the Superior Court before his plea was accepted, and *Ruiz* prevents him from reopening his case to make claims that do not address his

---

[4] *Brady v. Maryland*, 373 U.S. 83 (1963) (establishing that a defendant has a right to receive exculpatory material from prosecutors at trial).

[5] *Brown v. State*, ___ A.3d ___, 2015 WL 307389 (Del. Jan. 23, 2015).

guilt, and involve impeachment evidence that would only be relevant at trial.[6]

In Watson's case, as in *Brown*, the *Brady* claim alleged in Watson's postconviction motion was effectively waived by his preceding guilty plea. Moreover, Watson has not asserted that the prescription drug providing the basis for his 2012 conviction was ever sent to the OCME for testing.

(7)    Generally, under Delaware law, once a criminal sentence is completed, any postconviction claim with respect to that conviction is moot because the defendant is no longer "in custody under [the] sentence."[7]    In this case, the Superior Court determined that Watson is no longer in custody under the sentence imposed for the 2012 drug conviction that was the subject of Watson's motion for postconviction relief.    Watson does not specifically identify a right lost or burden imposed as a result of the 2012 conviction to overcome the general rule mooting his claim for relief.[8]    Under these circumstances, the Court agrees with the Superior Court that Watson lacked standing to seek postconviction relief under Rule 61.

---

[6] *Id.*, at *5 (Del. Jan. 23, 2015) (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997) and *United States v. Ruiz*, 536 U.S. 622, 630 (2002)).

[7] *See* Del. Super. Ct. Crim. R. 61(a)(1) (providing that "[t]his rule governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction").  *Paul v. State*, 2011 WL 3585623, at *1 (Del. Aug. 15, 2011) (quoting Rule 61(a)(1)).

[8] *Paul v. State*, 2011 WL 3585623, at *1 (Del. Aug. 15, 2011) (quoting *Gural v. State*, 251 A.2d 344, 344-45 (Del. 1969)).

4

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:


<u>/s/ Karen L. Valihura</u>
Justice