Wesley GURAL, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

June 11, 1968.

Edward Z. Sobocinski, Asst. Public Defender, Wilmington, for defendant below, appellant.

Jay H. Conner, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

The defendant was convicted of embezzlement. He was sentenced on August 19, 1966. On October 30, 1967, he wrote a letter to the Trial Judge which was in the nature of a motion to set aside the sentence under Superior Court Criminal Rule 35, Del.C.Ann.* The motion was denied by letter of the Trial Judge to the defendant dated November 10, 1967; but, for some undisclosed reason, the Judge's letter was not filed with the Prothonotary and did not become part of the record of the case until February 7, 1968. No other order was entered on the defendant's post-conviction application.

This appeal was taken on February 5, 1968. The State moves to dismiss the appeal on the ground that the 60 day appeal period (10 Del.C. § 147) began running on November 10, 1967, the date of the Trial Judge's letter, and thus expired before the appeal was taken.

We hold that the appeal period did not commence to run until the Trial Court's action became a matter of record in the cause. Unrecorded actions of the Trial Judge may not become the basis of deprivation of a right as important as the right of appeal.

The State points to the fact that, under the view we adopt, the defendant actually took the appeal two days before the Trial Court's action was finalized. The State argues therefrom that the appeal is as untimely as an appeal taken before sentence is imposed, and that this Court therefore lacks jurisdiction, citing Hunter v. State, Del., 209 A.2d 469 (1965). Thereby, the State attempts to defeat wholly the defendant's right of appeal since it is now too late to file a new appeal.

We think the prosecutor's position is hypertechnical. The situation was not of the defendant's making. All doubts must be resolved in favor of his right of appeal.

The defendant also contends that he was not advised by his retained attor-

* Rule 35 provides that the Court may correct an illegal sentence at any time on the ground that the sentence violates constitutional or statutory rights, was imposed by a court lacking jurisdiction, was in excess of the maximum sentence authorized by law, or is otherwise subject to collateral attack.

ney of his right of appeal; that, therefore, he is entitled now to a full review of his 1966 conviction, citing Wynn v. Page (10 Cir.) 369 F.2d 930(1966). We cannot agree. The defendant's rights during and after trial cannot be made to stand on such unsupported and unembellished claim of failure of counsel. Due process does not require it; the orderly administration of criminal justice forbids it. It is unreasonable, we think, to assume that this adult defendant did not know, in these days of mass education on the subject, of his basic legal right to appeal a three year prison sentence. Accordingly, this will not be considered an appeal from the 1966 conviction; it will be limited to a review of the denial of post-conviction relief. To that extent, the motion to dismiss the appeal is denied.