**Wesley GURAL, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Feb. 26, 1969.

Edward Z. Sobocinski, Asst. Public Defender, Wilmington, for defendant below, appellant.

Jay H. Conner, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

This case is moot so as to preclude review of the conviction.

The appellant was convicted of embezzlement and was sentenced to imprisonment for three years on August 19, 1966. On February 5, 1968, this appeal from denial of post-conviction relief was taken. The pending motion to dismiss the appeal was argued before this Court on December 13, 1968. Much of the intervening time elapsed by reason of an earlier unsuccessful motion to dismiss the appeal. See 243 A.2d 692. In the meantime, the appellant was released upon completion of his sentence on June 22, 1968. The State moves to dismiss the appeal on the ground of mootness.

There are three prevalent rules on the subject: (1) the "traditional" rule that the satisfaction of the sentence, *per se*, renders the case moot; (2) the "liberal" rule that the defendant's interest in clearing his name, *per se*, permits review of or attack upon his conviction; and (3) the "federal" rule (a modification of the traditional rule) that the satisfaction of the sentence renders the case moot unless, in consequence of the conviction or sentence, the defendant suffers collateral legal dis-

abilities or burdens; in which event the defendant is considered to have a sufficient stake in the conviction or sentence to survive the satisfaction of the sentence and to permit him to obtain a review or institute a challenge. See Annotation, 9 A.L.R.(3d) 462; 28 U.Chi.L.Rev. 363–368; Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

For its logic and fairness, we adopt the latter "collateral consequences" rule. While there does not appear to be any reported decision on the subject in this State, we understand that rule is consistent with past rulings of our courts.

The appellant contends that the appeal is not moot, the completion of his sentence notwithstanding, for the reason that, as the result of this conviction, he cannot engage in certain business activities, he is deprived of certain civil rights, and he is subjected to additional penalties for subsequent criminal violations and to "other collateral consequences flowing from his conviction." The assertions are made in those general terms, with no specificity.

The position of the appellant may have more merit if this conviction blemished an otherwise clean record. But this is hardly the situation: the appellant has been convicted no less than 7 times previously on charges of the same general nature; he has served several terms of imprisonment thereupon; and this recital does not take into account numerous other similar charges, over a long period of years, which were disposed of upon the making of restitution.

In view of the appellant's extensive prior criminal record, we find no merit in the general reasons he states to avoid mootness. The appellant bore the burden of demonstrating specifically a right lost or disability or burden imposed, by reason of the instant conviction, which had not already been lost or imposed by reason of his earlier convictions. See concurring opinion in Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960); United

State v. Galante (2 Cir.) 298 F.2d 72, 100 A.L.R.2d 431 (1962). He has failed to sustain that burden.

The appellant relies upon Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). That case is inapposite on its facts because there the Court found that the defendant would sustain, in fact and in law, loss of rights and imposition of disabilities and burdens "in consequence of his conviction." Upon the record before us, we cannot so find.

Accordingly, the appeal is dismissed.