IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HARRY W. ANDERSON, | § | |
| | § | No. 136, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 0012001083 |
| Appellee. | § | |

Submitted: September 4, 2014
Decided: November 11, 2014

Before **HOLLAND**, **RIDGELY** and **VALIHURA**, Justices.

## O R D E R

This 11ᵗʰ day of November 2014, upon careful consideration of the appellant's brief pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, the State's response, the appellant's points, and the State's supplemental response, it appears to the Court that:

(1) On September 4, 2001, the appellant, Harry W. Anderson ("Anderson") pled guilty to Assault in the Second Degree and was sentenced to two years at Level V suspended for twenty-two months at Level III. On January 24, 2002, Anderson was found in violation of probation and was discharged from probation as unimproved.

(2) On August 15, 2013, Anderson filed a motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). Anderson alleged that his 2001 guilty plea was coerced due to ineffective assistance of counsel. By order dated September 3, 2013, the Superior Court appointed counsel to represent Anderson.

(3) On January 7, 2014, Anderson's counsel (hereinafter "Counsel") filed a motion to withdraw under Rule 61(e)(2).[1] Counsel represented that he had undertaken a thorough review of the record to evaluate Anderson's claims and had determined that the claims were without merit, and that the record did not reflect any other grounds for relief. Moreover, Counsel represented that, under Rule 61(a), Anderson had no standing to seek relief because he was no longer "in custody or subject to future custody" on the sentence imposed on the 2001 Assault conviction.[2]

---

[1] *See* Del. Super. Ct. Crim. R. 61(e)(2) ("If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw.").

[2] *See* Del. Super. Ct. Crim. R. 61(a):

> This rule governs the procedure on an application by a person in custody or subject to future custody under a sentence of this court seeking to set aside a judgment or conviction . . . on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction.

2

(4)     The Superior Court agreed with Counsel's position.   By corrected order dated February 19, 2014, the Superior Court granted Counsel's motion to withdraw and denied Anderson's *pro se* motion for postconviction relief, after finding that Anderson had no standing to pursue postconviction relief and there were no meritorious grounds for relief.  This appeal followed.

(5)     On appeal, Counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)").  Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  In points that he submitted for the Court's consideration, Anderson challenges the 2001 warrant, the indictment, and asserts that his trial counsel and Counsel were ineffective because they did not investigate the events underlying the assault charge.   The State has responded to Anderson's points and has moved to affirm the Superior Court's judgment.

(6)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), the Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[3]  The Court must also conduct its own review of the record

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[4]

    (7)    Under Delaware law, once a criminal sentence is completed, any postconviction claim with respect to that conviction is moot because the defendant is no longer 'in custody or subject to future custody' as a result of that conviction.[5] The only exception to the rule is when the defendant 'suffers collateral legal disabilities or burdens.'[6] The defendant has the burden of 'demonstrating specifically a right lost or disability or burden imposed, by reason of the instant conviction.'[7]

    (8)    In this case, Anderson is no longer in custody or subject to future custody on the sentence imposed on the Assault conviction that is the subject of his motion for postconviction relief. And nowhere does he specifically identify a right lost or disability or burden imposed as a result of the conviction to overcome the general rule mooting his claims for relief. As a result, Anderson lacks standing to move for postconviction relief under Rule 61.

    (9)    The Court has reviewed the record carefully and has concluded that Anderson's appeal is wholly without merit and devoid of any arguably

---

[4] *Id.*

[5] *Paul v. State*, 2011 WL 3585623, at *1 (Del. Aug. 15, 2011) (quoting Del. Super. Ct. Crim. R. 61(a)(1)).

[6] *Id.* (quoting *Gural v. State*, 251 A.2d 344, 344-45 (Del. 1969).

[7] *Id.*

appealable issue. We are satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Anderson could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Randy J. Holland
Justice