IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMANDA M. ROSS, | § | |
| | § | No. 327, 2013 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID 1004012525 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: January 20, 2015
Decided: January 28, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## <u>O R D E R</u>

This 28th day of January 2015, upon consideration of the Notice to Show Cause and the appellant's response thereto, it appears to the Court that:

(1) The appellant, Amanda Ross, filed this appeal from a Superior Court order sentencing her for a violation of probation (VOP). While the appeal was pending, Ross filed a motion for sentence reduction in the Superior Court, arguing she was entitled to credit for time she already had served. Ross raised a similar issue, among other issues, in her opening brief on appeal. In the interests of judicial economy, we remanded the appeal back to the Superior Court to allow that court to address the factual basis for Ross' motion for sentence reduction. On remand, the Superior Court credited Ross with time served on one of her two

sentences and imposed no probation to follow. The Superior Court suspended the sentence on Ross' other conviction effective immediately for a one-year period of probation. After the case was returned from remand, the Superior Court modified the VOP sentencing order further to discharge Ross from any further probation. On December 31, 2014, the Clerk of the Court issued a notice to Ross to show cause why her appeal should not be dismissed as moot.

(2)  Ross filed a response to the notice to show cause on January 20, 2014. She continues to argue that the Superior Court judge had a closed mind when he sentenced her on her VOP, that the State falsely reported aggravating factors to justify a lengthier VOP sentence, and that her due process rights were violated at the VOP hearing. She contends that it would be unjust to dismiss her appeal solely because the Superior Court discharged her from supervision when she was thirty-four days shy of having served her entire sentence.

(3)  Satisfaction of a sentence generally renders a case moot unless a defendant can demonstrate sufficient collateral consequences flowing from the conviction to justify appellate review.[1] Although Ross asserts issues challenging the fairness of the VOP proceedings below, her arguments do not establish any consequences flowing from the Superior Court's finding of a VOP. Indeed, even if any of her complaints about the VOP proceedings and the resulting sentence had

---

[1] *Gural v. State*, 251 A.2d 344, 345 (Del. 1969).

2

merit, it would not affect the validity of her underlying convictions. Ross has not established any collateral consequences flowing from the Superior Court's VOP adjudication. Accordingly, Ross' satisfaction of the VOP sentence renders this appeal moot.

NOW, THEREFORE, IT IS ORDERED that the within appeal is DISMISSED as moot.

BY THE COURT:

*/s/ Randy J. Holland*
Justice