IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RYAN L. STECK, | § | |
| | § | No. 21, 2015 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Sussex County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 0802023045 |
| | § | 0002006781 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 16, 2015
Decided: May 15, 2015

Before **STRINE**, Chief Justice, **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 15th day of May 2015, upon careful consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, Ryan L. Steck, filed this appeal from the Superior Court's order of December 16, 2014 that summarily dismissed his motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on

the ground that it is manifest on the face of Steck's opening brief that the appeal is without merit.[1] We agree and affirm.

(2) The record reflects that Steck pled guilty in May 2000 to two drug offenses (hereinafter "2000 case"). The Superior Court sentenced Steck to a total of thirteen years suspended after three years and successful completion of drug programs at Levels V and IV for seven years of probation. In July 2008, Steck pled guilty to four more drug offenses (hereinafter "2008 case"). The Superior Court sentenced Steck to another thirteen years at Level V suspended after five years for six months at Level IV work release and five years of probation.

(3) On July 18, 2014, Steck was found guilty of violation of probation in the 2000 case and the 2008 case. In the 2008 case, the Superior Court terminated probation and discharged Steck as unimproved. In the 2000 case, after ordering that Steck serve one year at Level V, the Superior Court terminated the remaining probation and discharged Steck as unimproved.

(4) On December 3, 2014, Steck filed a motion for postconviction relief under Rule 61. Steck sought to set aside his guilty plea in the 2008 case on the basis of undisclosed "impeachment evidence," namely evidence of ongoing corruption in the Office of the Chief Medical Examiner ("OCME") when the 2008 case was pending. According to Steck, had the State or his defense counsel

---

[1] Del. Supr. Ct. R. 25(a).

2

informed him of the "impeachment evidence" he would have gone to trial or "negotiated a more favorable plea [agreement]."

(5) By order dated December 16, 2014, the Superior Court summarily dismissed Steck's postconviction motion. This appeal followed. In his opening brief on appeal, Steck provides more detailed support for his claim that an OCME employee mishandled some of the drug evidence submitted for testing in the 2008 case. Steck argues that, in view of "the State's suppression of the government misconduct at the OCME crime lab," his convictions in the 2008 case should be vacated.

(6) Having carefully considered the parties' positions, the Court concludes that the Superior Court's judgment should be affirmed on the basis of our decision in *Brown v. State*.[2] In *Brown* we held that:

> By pleading guilty, Brown gave up his right to trial and his right to learn of any impeachment evidence. Brown is bound by the statements he made to the Superior Court before his plea was accepted, and *Ruiz* prevents him from reopening his case to make claims that do not address his guilt, and involve impeachment evidence that would only be relevant at trial.[3]

In Steck's case, as in *Brown*, Steck's claims for postconviction relief were effectively waived by his guilty plea.

---

[2] *Brown v. State*, 108 A.3d 1201 (Del. 2015).

[3] *Id.*, at 1206 (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997) and *United States v. Ruiz*, 536 U.S. 622, 630 (2002)).

3

(7)     Also, Steck has not demonstrated that he is eligible for relief under Rule 61. As a general matter, relief under Rule 61 is only available when the movant is in custody on the conviction that is the subject of the postconviction motion.[4] In this case, when Steck filed his motion for postconviction relief on December 3, 2014, he was no longer in custody under the sentence imposed in the 2008 case. Accordingly, Steck was required to specifically identify "a right lost or disability or burden imposed" as a result of the 2008 case that would overcome the general rule mooting his claims for postconviction relief.[5] Because Steck did not identify such a right lost or disability or burden imposed, the Court concludes that Steck lacked standing to seek postconviction relief under Rule 61.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Justice

---

[4] *See* Del. Super. Ct. Crim. R. 61(a) (providing that "[t]his rule governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction").

[5] *Paul v. State*, 2011 WL 3585623, at *1 (Del. Aug. 15, 2011) (quoting *Gural v. State*, 251 A.2d 344, 344-45 (Del. 1969)).

4