# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE        )
                                        )
        v.                       )    ID No. 0109020376
                                          )
SHACIN PATEL,          )
                Defendant.     )

## <u>ORDER GRANTING MOTION TO MODIFY SENTENCE</u>

Upon consideration of the motion for modification of sentence of Defendant Shacin Patel, as well as Rule 35 of the Superior Court Rules of Criminal Procedure; the facts, arguments and legal authorities set forth in the Rule 35 Motion; statutory and decisional law; and the entire record in this case, the Court finds as follows:

1.  The Delaware State Police arrested Shacin Patel on September 29, 2001 and charged him with Theft Over $1000 (a felony), Conspiracy Second Degree (a felony), and Civil Contempt (a misdemeanor).[1] Mr. Patel's arrest came as the result of stealing 350 phone cards from a Sunoco gas station. Mr. Patel was 20 years old at the time of the offense.

2.  A Grand Jury indicted Mr. Patel on December 3, 2001 on both felonies. Mr. Patel's trial began on June 25, 2002 but ended in a mistrial. The

---

[1] The Civil Contempt charge was later dismissed.

State retried Mr. Patel on December 10, 2002 and the jury returned a guilty verdict on both counts on December 11, 2002.

3. The Court immediately sentenced Mr. Patel as follows:

- Theft Over $1000: 18 months Level V, suspended immediately for 18 months Level II.

- Conspiracy Second Degree: 6 months Level V, suspended immediately for 6 months Level II.

- The Court also ordered Mr. Patel to pay restitution in the amount of $2,250.00.

4. On April 16, 2004, Commissioner Vavala discharged Mr. Patel's restitution obligations, noting that Mr. Patel had paid "a lot" of the amount owed.

5. The Court discharged Mr. Patel from probation on May 6, 2004.

6. Mr. Patel is originally from London, England, but has been a Lawful Permanent Resident of the United States since 1994. He is currently in removal proceedings from the United States and is being charged with being a deportable and inadmissible alien because he has been convicted of an "aggravated felony." An aggravated felony can result in mandatory detention, deportation, and, most importantly, bars eligibility for relief from these penalties.

7. A theft conviction with a sentence of one year or more is an "aggravated felony" for immigration purposes.[2] Under federal law, a sentence is

---

[2] Immigration and Nationality Act ("INA") § 101(a)(43)(G); 8 U.S.C. § 1101(a)(43)(G)(2000).

defined as the "period of incarceration or confinement order by a court of law, regardless of suspension of the imposition or execution of that imprisonment in whole or in part."[3]

8. Mr. Patel's only means to prevent deportation in this scenario is through an application for cancellation of removal; however, Mr. Patel's aggravated felony precludes him from this form of relief. As such, he faces imminent deportation.

9. However, modifying Mr. Patel's "term of imprisonment" to below one year eliminates his "aggravated felony" status for immigration purposes.[4]

10. Under Superior Court Criminal Rule 35(b), this Court may entertain a motion to modify or reduce a sentence after the 90 day deadline imposed by the rule if there are "extraordinary circumstances."

11. Generally, once a sentence is complete, a conviction stands and may not be appealed or collaterally attacked. However, the Delaware Supreme Court has adopted the "federal rule," which provides that "the satisfaction of the sentence renders the case moot unless, in consequence of the conviction or sentence, the defendant suffers collateral legal disabilities or burdens; in which event the defendant is considered to have a sufficient stake in the conviction or sentence to

---

[3] INA § 101(a)(48)(B); 8 U.S.C. § 1101(a)(48)(B).
[4] *Matter of Oscar Costas-Vargas*, 23 I&N Dec. 849, 852 (BIA 2005).

survive the satisfaction of the sentence and to permit him to obtain a review or institute a challenge."[5]

11.     In *State v. Lewis*, the Delaware Supreme Court held that the Superior Court has the authority to modify a sentence under Superior Court Criminal Rule 35(b), even if the sentence has expired, if collateral consequences (such as deportation) attach to the sentence.[6]

12.     Mr. Patel is well outside of the 90 day deadline to move this Court for a reduction or modification of his sentence but he meets the "extraordinary circumstances" exception and therefore is eligible for a modification or reduction of his sentence. Moreover, the State does not oppose the modification sought.

13.     Mr. Patel's 2002 sentence categorizes his conviction as an "aggravated felony" under federal law, which makes him eligible for deportation. The only way to pursue relief from deportation is to eliminate the aggravated felony from his record and petition the immigration court.  A modification of his sentence to less than one year will accomplish this goal[7] and reinstate his eligibility to challenge the immigration proceedings.

14.     Mr. Patel made a mistake 14 years ago as a 20 year old.  Since then, he has worked hard to become a productive member of society.  He works, pays

---

[5] *Gural v. State*, 251 A.2d 344, 344-45 (Del. 1969).
[6] 797 A.2d 1198, 1199, 1202 (Del. 2002).
[7] *See Matter of Oscar Cota-Vargas*.

his taxes, and provides for his family. Due to his father's failing health, he is taking on the responsibility of running his family's business and is the sole source of income for his wife and two parents.

15.    Mr. Patel is facing deportation as the result of his theft conviction, and therefore suffers from a collateral disability or burden. Consequently, Mr. Patel has a stake in his conviction and sentence that allows him to survive the satisfaction of the sentence and to permit him to obtain a review or institute a challenge.[8]

**NOW, THEREFORE, this 9th day of October, 2015, the Motion for Modification of Sentence for Sachin Patel is hereby GRANTED.** An amended sentencing order shall issue consistent with this opinion, modifying the sentence imposed for theft to a period of ten (10) months.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
The Honorable Andrea L. Rocanelli

---

[8] *See Gural,* 251 A.2d at 344-45; *Lewis*, 797 A.2d at 1199.