IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERNEST RICHARDSON, | § | |
| | § | |
| Defendant Below, | § | No. 60, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0909018120 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 8, 2019
Decided: May 14, 2019

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## **O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Ernest Richardson, appeals from the Superior Court's order dated January 17, 2019, denying his third motion for postconviction relief under Superior Court Criminal Rule 61.  The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Richardson's opening brief that the appeal is without merit.  We agree and affirm, though on a different basis than that articulated by the Superior Court.

(2)     In 2010, a Superior Court jury found Richardson guilty of Rape First Degree, two counts of Rape Second Degree, and Rape Fourth Degree.  The jury

found Richardson not guilty of Sexual Solicitation of a Child and Unlawful Contact Second Degree. The Superior Court sentenced Richardson to fifty years of Level V incarceration, followed by probation.

(3) On appeal, this Court reversed and remanded for a new trial.[1] On remand, Richardson pleaded no contest to Rape Fourth Degree and Unlawful Sexual Contact First Degree. In exchange, the State dismissed the other charges. The plea agreement form indicates that Richardson would be required to register as a sex offender under 11 *Del. C.* §§ 4120, 4121 and that his Risk Assessment Tier would be Tier II. The Superior Court sentenced Richardson as follows: for Rape Fourth Degree, to fifteen years of Level V incarceration, suspended after thirty months for two years of probation, and for Unlawful Sexual Contact First Degree, to eight years of Level V incarceration, suspended after eighteen months for two years of probation. The sentence also required Richardson to "register as [a] sex offender pursuant to statute." The sentencing order does not state the applicable Risk Assessment Tier, although during the sentencing hearing counsel and the Superior Court repeatedly stated that Richardson would be required to register as Tier II.

(4) When the date on which Richardson would be released from prison and begin serving probation was approaching, the Department of Correction apparently informed him that he would be required to register as a Tier III sex offender, rather

---

[1] *Richardson v. State*, 43 A.3d 906 (Del. 2012).

than as Tier II. In 2013, he filed two motions seeking to modify the tier designation from Tier III to Tier II. Each of those motions was denied when Richardson failed to appear for the scheduled hearings.

(5) In April 2015, Richardson filed a motion for postconviction relief in which he challenged the requirement that he register as a Tier III sex offender, rather than as Tier II. On November 4, 2015, the Superior Court dismissed that motion, holding that, under Superior Court Criminal Rule 61, only a person who is "in custody" may bring a motion for postconviction relief.[2] Because by that time Richardson had been discharged from probation and his case had been closed, the Superior Court held that he was not "in custody" and therefore lacked standing to seek postconviction relief. In February 2016, he filed a second motion for postconviction relief raising the same issues; the Superior Court dismissed that motion because he was not "in custody" and therefore lacked standing under Rule 61.

(6) On December 3, 2018, Richardson filed a third motion for postconviction relief, again arguing that he should be required to register under Tier II and not Tier III or should be permitted to withdraw his no-contest plea. The

---

[2] *See* SUPER. CT. CRIM. R. 61(a)(1) ("This rule governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction or a sentence of death on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction or a capital sentence.").

Superior Court also dismissed that motion because he was not "in custody." Richardson has appealed.

(7)  The State argues that the Superior Court did not err by summarily dismissing Richardson's third postconviction motion on the grounds that Richardson was no longer "in custody" for his sentence in this case as required by Rule 61.[3] This Court has held that:

> Under Delaware law, once a criminal sentence is completed, any postconviction claim with respect to that conviction is moot because the defendant is no longer "in custody or subject to future custody" as a result of that conviction. The only exception to the rule is when the defendant "suffers collateral legal disabilities or burdens." The defendant has the burden of "demonstrating specifically a right lost or disability or burden imposed, by reason of the instant conviction."[4]

Richardson argues that Tier III sex offender registration imposes collateral legal disabilities or burdens, as compared with Tier II registration, and therefore he is "in custody" for purposes of Rule 61.

(8)  This Court has not decided whether an ongoing requirement for registration as a sex offender after the other terms of a sentence have been completed

---

[3] It appears that on May 21, 2018, Richardson pleaded guilty to a new charge of Rape Second Degree and was sentenced to twenty-five years of incarceration, suspended after fifteen years for decreasing levels of supervision.

[4] *Paul v. State*, 2011 WL 3585623, at *1 (Del. Aug. 15, 2011) (citations omitted). *See also Gural v. State*, 251 A.2d 344 (Del. 1969) (adopting the federal "collateral consequences" rule for postconviction proceedings, which held that "the satisfaction of the sentence renders the case moot unless, in consequence of the conviction or sentence, the defendant suffers collateral legal disabilities or burdens; in which event the defendant is considered to have a sufficient stake in the conviction or sentence to survive the satisfaction of the sentence and to permit him to obtain a review or institute a challenge").

constitutes "custody" or a collateral legal disability or burden under Delaware law.[5]

Nor has the Court considered whether the differences between Tier II and Tier III registration are sufficiently significant to constitute a collateral legal disability or burden. But we need not do so in this case because, even if Richardson were deemed to be "in custody," Richardson's motion was procedurally barred by the other provisions of Rule 61.[6]

(9)     Under Rule 61, no second or subsequent motion is permitted under this Rule unless the motion pleads with particularity the existence of new evidence that creates a strong inference of actual innocence or a new rule of constitutional law that is retroactively applicable,[7] or the motion asserts a claim that the court lacked jurisdiction.[8] Moreover, "any first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief

---

[5] Many federal courts have determined that a challenge to a sex offender registration requirement is not cognizable in a habeas corpus proceeding because sex offender registration does not satisfy the "in custody" requirement of the federal habeas corpus statute. *E.g.*, *Cravener v. Cameron*, 2010 WL 235119 (W.D. Pa. Jan. 15, 2010) (discussing cases). *Cf. also Mitchell v. United States*, 977 A.2d 959, 964 (D.C. Ct. App. 2009) ("[T]hose jurisdictions that have addressed whether sex offender registration requirements render prospective registrants 'in custody' have all concluded that the custody requirement turns largely on the notion of a physical sense of liberty—that is, whether the legal disability in question somehow limits one's freedom of movement. Those courts have held that the classification, registration, and notification requirements are more properly characterized as a collateral consequence of conviction rather than as a physical restraint on liberty. As such, they have concluded that imposition of sex offender registration does not render habeas petitioners 'in custody.'" (citation omitted)).

[6] This Court may affirm the Superior Court's judgment "on the basis of a different rationale than that which was articulated by the trial court." *Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361 (Del. 1995).

[7] SUPER. CT. CRIM. R. 61(i)(2)(i), (d)(2)(i)-(ii).

[8] *Id.* R. 61(i)(5).

available to the movant,"[9] and "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[10] Richardson's third motion for postconviction relief did not plead with particularity the existence of new evidence that creates a strong inference of actual innocence or a new rule of constitutional law that applies to his case.[11] Nor did it assert that the Superior Court lacked jurisdiction to enter a judgment of conviction and sentence him. The Superior Court has previously adjudicated his challenge to the Tier III designation, from which he did not timely appeal,[12] and any arguments that Richardson may be attempting to raise that he did not raise in his earlier motions have been waived.[13]

(10) Finally, we note that Richardson pleaded guilty in May 2018 to Rape Second Degree, and he is serving a lengthy prison sentence. Upon his release from

---

[9] *Id.* R. 61(i)(2)(ii).

[10] *Id.* R. 61(i)(4).

[11] Richardson asserts, without explanation, that *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), applies to his case. In *Montgomery*, the United States Supreme Court held that its ruling in *Miller v. Alabama*, 567 U.S. 460 (2012), which prohibited mandatory sentences of life without parole for juvenile offenders, was retroactively applicable. *Montgomery* and *Miller* do not apply in this case, because Richardson was not a juvenile subject to a mandatory sentence of life without parole. Moreover, Richardson did not bring his third motion for postconviction relief within one year of the *Montgomery* decision. SUPER. CT. CRIM. R. 61(i)(1).

[12] On May 4, 2018, Richardson filed a notice of appeal from the Superior Court's November 4, 2015 order dismissing his first Rule 61 motion. This Court dismissed that appeal as untimely. *Richardson v. State*, 238, 2018, Docket Entry No. 8 (Del. May 31, 2018).

[13] SUPER. CT. CRIM. R. 61(i)(2)(ii).

incarceration for that conviction, he will be required to register as a Tier III sex offender.[14]  Thus, the requirement that he register as a Tier III sex offender in this case is without any real consequence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[14] *See* 11 *Del. C.* § 4121(d)(1)a (providing that persons convicted of Rape Second Degree shall be assigned to Risk Assessment Tier III).

7