IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NA-QUAN LEWIS, | § | |
| | § | No. 415, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1606013385 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 25, 2020
Decided: April 17, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

### **ORDER**

Upon consideration of the responses to the notices to show cause, it appears to the Court that:

(1) On July 6, 2017, Lewis pled guilty to possession of a firearm during the commission of a felony ("PFDCF") in Criminal ID No. 1606013385. At the same hearing, Lewis admitted to a violation of probation ("VOP") in Criminal ID No. 1411015792.[1] The Superior Court then sentenced Lewis as follows: (i) for PFDCF in Criminal ID No. 1606013385, three years of Level V incarceration; and (ii) for

---

[1] Lewis's underlying conviction in this case was for second degree robbery.

the VOP in Criminal ID No. 1411015792, four years and eleven months of Level V incarceration, suspended for eighteen months of Level III supervision. Lewis did not file an appeal, but did file unsuccessful motions for sentence reduction and postconviction relief in Criminal ID 1606013385.[2] In May 2019, administrative warrants were filed for Lewis's violation of his conditional release[3] in Criminal ID No. 1606013385 and his VOP in Criminal ID No. 1411015792.

(2) In August and September 2019, Lewis filed motions to correct illegal sentence/withdraw guilty plea in Criminal ID No. 1606013385. He argued that his PFDCF sentence was illegal because it did not include probation as required by 11 *Del. C.* § 4204(l) and that he wished to withdraw his guilty plea. The Superior Court denied both motions, holding that the motions were time-barred and repetitive, the sentence was not illegal, and that Lewis could only challenge his guilty plea under Superior Court Criminal Rule 61. This appeal followed.

(3) On January 8, 2020, after the filing of the opening brief and motion to affirm in this appeal, the Superior Court held a hearing on Lewis's violation of conditional release in Criminal ID No. 1606013385 and his VOP in Criminal ID No.

---

[2] *See, e.g., State v. Lewis*, 2018 WL 2970762 (Del. Super. Ct. June 8, 2018) (denying first motion for postconviction relief), *aff'd*, 2018 WL 6015784 (Del. Nov. 15, 2018); *State v. Lewis*, 2019 WL 413661 (Del. Super. Ct. Feb. 1, 2019) (denying second motion for postconviction relief).

[3] Conditional release occurs when an inmate is released from incarceration into the community "by reason of diminution of the period of confinement through merit and good behavior credits." 11 *Del. C.* § 4302(4).

1411015792. The Superior Court found Lewis in violation, but discharged him for completing his sentence in Criminal ID No. 1606013385. For the VOP in Criminal ID No. 1411015792, the Superior Court sentenced Lewis to four years and eleven months of Level V incarceration, suspended after ninety days, for eighteen months of Level III probation.

(4) On January 17, 2020, the Clerk issued a notice directing Lewis to show cause why this appeal should not be dismissed as moot based on his completion of the PFDCF sentence in Criminal ID No. 1606013385. In his response to the notice to show cause, Lewis continues to challenge his PFDCF guilty plea and sentence. He argues that the PFDCF sentence is illegal because it does not include probation as required by 11 *Del. C.* § 4204(l), but also argues that his PFDCF sentence was not supposed to include probation and that he would not have pled guilty had he known that he would be subject to probation. In making these arguments, Lewis fails to acknowledge that: (i) he was sentenced, on July 6, 2017, for PFDCF in Criminal ID No. 1606013385 *and* a VOP in Criminal ID No. 1411015792; (ii) his VOP Level V sentence was suspended for Level III probation; and (iii) at the time of his arrest in May 2019 he was on conditional release in Criminal ID No. 1606013385 and Level III probation in Criminal ID No. 1411015792.

(5) Completion of a sentence renders claims relating to that sentence moot, unless the defendant can demonstrate sufficient collateral consequences to justify

3

appellate review.[4]  Lewis, who previously filed unsuccessful motions relating to his PFDCF conviction and sentence, has not identified any collateral consequences of his PFDCF conviction or sentence that would justify appellate review here.  This appeal must therefore be dismissed as moot.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED as moot.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[4] *Gural v. State*, 251 A.2d 344, 345 (Del. 1969) (holding that completion of a sentence renders a case moot unless the defendant can establish a right lost by reason of the conviction).  *See also DeJohn v. State*, 2019 WL 3945644, at *1 (Del. Aug. 20, 2019) (dismissing appeal from the Superior Court's denial of a motion for sentence modification as moot because the defendant had completed his sentence); *Lee v. State*, 1999 WL 591457, at *1 (Del. May 24, 1999) (dismissing appeal as moot where the defendant challenged the portion of his sentence reflecting that he was to be held an Level V until space was available at Level IV and the record reflected that the defendant had completed the Level V and Level IV portions of his sentence).