## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                )
v.                          )        **I.D. No. 1702005493**
                )        **Cr. A. Nos. PN17-02-1754, etc.**
DARNELL D. MARTIN,     )
            **Defendant.** )

Submitted:  December 31, 2020
Decided:  March 17, 2021

### <u>ORDER DISMISSING RULE 61 MOTION</u>

This 17th day of March, 2021, upon Defendant Darnell D. Martin's Amended Motion for Postconviction Relief (D.I. 67) and the record in this matter, it appears to the Court that:

(1)     In January 2018, following a bench trial, Defendant Darnell D. Martin was convicted of drug dealing and another related charge.[1]

(2)     Mr. Martin was sentenced immediately to serve, *inter alia*, a two-year statutory minimum term of incarceration, followed by diminishing levels of supervision.[2]

(3)     His attorney filed a direct appeal to the Delaware Supreme Court in which he claimed this Court erred in denying his pre-trial motion to suppress the

---

[1]   Trial Worksheet, *State v. Darnell D. Martin*, ID No. 1702005493 (Del. Super. Ct. Jan. 18, 2018) (D.I. 30).

[2]   Sentencing Order, *State v. Darnell D. Martin*, ID No. 1702005493 (Del. Super. Ct. Jan. 18, 2018) (D.I. 31); DEL. CODE ANN. tit. 16, §§ 4752(2) and (4)(2016) (drug dealing as a class B felony requiring a minimum two-year term of imprisonment).

drugs seized from Mr. Martin. His convictions and sentence were affirmed.[3]

(4)     Mr. Martin thereafter filed a timely *pros se* motion for postconviction relief and a motion for appointment of counsel under Superior Court Criminal Rule 61.[4] The Court granted the motion for appointment of counsel and Mr. Martin's appointed postconviction attorney then filed an amended Rule 61 motion on his behalf.[5] In sum, that amended motion charges Mr. Martin's previous counsel with ineffective assistance in the prosecution of his suppression motion and direct appeal.[6]

(5)     One seeking relief under Rule 61 must be "in custody."[7] Mr. Martin completed his sentence upon his full discharge from probation in February 2021.[8] That means he was then released from all "custody" under the conviction he now

---

[3]   *Martin v. State*, 2018 WL 4959037 (Del. Oct. 12, 2018).

[4]   D.I. 39 and 40; Del. Super. Ct. Crim. R. 61(i)(1) (providing that a motion for postconviction relief must be filed no more than one year after the judgment of conviction is final).

[5]   D.I. 67.

[6]   *Id.*

[7]   Del. Super. Ct. Crim. R. 61(a)(1) (providing that "[t]his rule governs the procedure on an application by a person *in custody* under a sentence of this court seeking to set aside the judgment of conviction") (emphasis added).

[8]   *See* D.I. 76 (discharging Mr. Martin from probation as fully served with no further obligations remaining under this sentence).

challenges.[9]

(6)     And given his lengthy criminal history—that already included numerous prior felony drug convictions[10]--it is clear that Mr. Martin suffers no collateral consequences as a result of the particular conviction he challenges through his pending motion.[11]

(7)     When determining whether postconviction relief might be available to one no longer "in custody" under a sentence for the challenged conviction, Delaware courts have long and consistently held that relief under Rule 61 is not.[12]

---

[9]     *See, e.g.*, *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (observing that to be "in custody" for federal habeas corpus purposes, an individual must, at least, be "subject both to 'significant restraints on liberty . . . which were not shared by the public generally,' along with 'some type of continuing governmental supervision.'") (internal citations and quotations omitted).

[10]    *E.g.,* Sentencing Order, *State v. Darnell D. Martin*, ID No. 91006298DI (Del. Super. Ct. Mar. 15, 1992) (setting forth Mr. Martin's sentence for cocaine delivery and a related charge); Sentencing Order, *State v. Darnell D. Martin*, ID No. 93003115DI (Del. Super. Ct. May 12, 1993) (Mr. Martin is sentenced for possession with intent to deliver cocaine); Sentencing Order, *State v. Darnell D. Martin*, ID No. 9402004121 (Del. Super. Ct. Dec. 20, 1994) (Mr. Martin's sentence for simple possession of cocaine); Sentencing Order, *State v. Darnell D. Martin*, ID No. 9912018840 (Del. Super. Ct. Feb. 9, 2000) (Mr. Martin is sentenced for trafficking in cocaine).

[11]    *See Paul v. State*, 2011 WL 3585623, at *1 (Del. Aug. 15, 2011) (*quoting Gural v. State*, 251 A.2d 344, 344-45 (Del. 1969)) (noting that "[t]he only exception to the [in custody] rule is when the defendant 'suffers collateral legal disabilities or burdens'"); *see also State v. Jackson*, 2016 WL 7076990, at *1 (Del. Super. Ct. Dec. 5, 2016) (observing that with his lengthy criminal record the fully discharged movant "could [n]ever . . . establish that he would suffer any collateral consequences as a result of the convictions" he challenged via his then-pending Rule 61 motion).

[12]    *See Steck v. State,* 2015 WL 2357161, at *2 (Del. May 15, 2015) ("As a general matter, relief under Rule 61 is only available when the movant is in custody on the conviction that is the subject of the postconviction motion."); *Ruiz v. State*, 2011 WL 2651093, at *2 (Del. July 6, 2011) (finding movant "lack[ed] standing" to seek postconviction relief because this Court had discharged him from probation); *Summers v. State*, 2003 WL 1524104, at *1 (Del. Mar. 20,

One who attempts to avail himself of the Rule's postconviction relief provisions when no longer "in custody" lacks standing to do so[13] and his claims are moot.[14]

(8) So Mr. Martin's postconviction motion must be **DISMISSED** without further proceedings because he now lacks standing to obtain postconviction relief under Rule 61[15] and his claims thereunder are **MOOT.**

**SO ORDERED** this 17th day of March, 2021.

Paul R. Wallace, Judge

---

2003) (movant was no longer in custody as a result of the challenged conviction "and thus is not entitled to seek postconviction relief."); *Guinn v. State*, 1993 WL 144874, at *1 (Del. Apr. 21, 1993); *Jackson*, 2016 WL 7076990, at *1 (finding that as movant had no further obligation under the sentence, he was no longer "in custody" and lacked standing to pursue his then-pending Rule 61 petition); *State v. Cammille*, 2014 WL 2538491 (Del. Super. Ct. June 3, 2014) (because movant was no longer "in custody . . . in a manner contemplated by Rule 61 . . . [he] lack[ed] standing under Rule 61 and [wa]s not entitled to seek postconviction relief.") (internal quotations omitted); *State v. Hinson*, 2006 WL 337031, at *2 (Del. Super. Ct. Feb. 10, 2006) (movant was "barred from relief pursuant to Rule 61 from her [challenged] conviction because she is not 'in custody or subject to future custody' for that challenged conviction.").

[13] *See Pumphrey v. State*, 2007 WL 3087405, at *1 (Del. Oct. 23, 2007) (holding this Court "did not err in concluding that appellant lacked standing to pursue a motion for postconviction relief because appellant had completed his sentence and thus was no longer 'in custody or subject to future custody' under the sentence for which postconviction relief was sought."); *Fullman v. State*, 2000 WL 140114, at *1 (Del. Feb. 1, 2000) (because movant was no longer serving a sentence on the challenged Delaware charges, he "d[id] not have standing to pursue his claims pursuant to Rule 61.").

[14] *See Watson v. State*, 2015 WL 1456771, at *2 (Del. Mar. 30, 2015) ("Generally, under Delaware law, once a criminal sentence is completed, any postconviction claim with respect to that conviction is moot because the defendant is no longer "in custody under [the] sentence.") (alteration in original). *Accord Paul*, 2011 WL 3585623, at *1 (finding the same).

[15] *See Ruiz v. State*, 2008 WL 1961187, at *2 (Del. May 7, 2008) ("We have previously explained that a person loses standing to move for postconviction relief under Rule 61 where the defendant is not in custody or subject to future custody for the underlying offense or challenged sentence.").

Original to Prothonotary

cc:    Darnell D. Martin, *pro se*
       Benjamin S. Gifford IV, Esquire
       Timothy Maguire, Deputy Attorney General