# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1702005493 |
| | ) | Cr. A. Nos. IN17-02-1754 & 55. |
| DARNELL D. MARTIN, | ) | |
| Defendant. | ) | |

Submitted: October 9, 2019
Decided: October 11, 2019

## ORDER DENYING MOTION FOR CREDIT TIME

This 11th day of October, 2019, upon consideration of the Defendant Darnell D. Martin's *pro se* Motion for Credit Time (D.I. 58-59), the State's response thereto (D.I. 61), and the record in this matter, it appears to the Court that:

(1)    On January 9, 2018, following a bench trial, Darnell Martin was convicted of drug dealing and another related charge. He was immediately sentenced to serve, *inter alia*, a 25-year term of imprisonment suspended after two years for 18 months of supervised probation. The two years of unsuspended imprisonment was a statutory minimum term of incarceration the imposition of which was required and could not be suspended.[1] The

---

[1]    DEL. CODE ANN. tit. 16, § 4752(2) (2016) (drug dealing a tier 2 quantity of marijuana with an aggravating factor is a class B felony); *id.* at tit. 11, §§ 4205(b)(2) & (d) (sentence "[f]or a class B felony [is] not less than 2 years . . . [and any] minimum, mandatory, mandatory minimum or minimum mandatory sentence [ ] required by subsection (b) of [§ 4205] . . . shall not be subject to suspension by the court").

effective date of Martin's sentence was January 9, 2018, because he was at liberty until his conviction and sentencing.[2]

(2)     Martin filed a direct appeal to the Delaware Supreme Court. His convictions and sentence were affirmed.[3]  And so, now Martin is pursuing postconviction relief via a separate application.[4]

(3)     Martin previously filed an unsuccessful motion for sentence reduction under Superior Court Criminal Rule 35(b).[5] Martin also previously filed an unsuccessful state petition for a writ of habeas corpus.[6]

(4)     Martin's present motion, filed from prison, asks the Court to "grant[] him an additional 2 days previously served."[7]  Martin alleges he was held in police custody for two days when he was first arrested and before he made bail.[8]  But Martin provides no evidentiary support for this contention

---

[2]     *See* Sentencing Order, *State v. Darnell D. Martin*, I.D. No. 1702005493 (Del. Super. Ct. Jan. 9, 2018).

[3]     *Martin v. State*, 2018 WL 4959037 (Del. Oct. 12, 2018).

[4]     D.I. 39-44.

[5]     *State v. Martin*, 2019 WL 1126059 (Del. Mar. 12, 2019).

[6]     D.I. 53-57.

[7]     Def. Mot. at 2.

[8]     *Id.* at 1-2.

and there is nothing on the face of the record that reveals this alleged two-day term of "incarceration."

(5)     Martin's is a motion seeking application of the statute that requires credit for "any period of actual incarcertation" previously served on a given charge when determining the termination date of an inmate's sentence for that charge.[9]

(6)     But Martin is no longer held at Level V; the incarcerative portion of his sentence terminated on September 25, 2019.[10] Thus, any application of credit time to diminish his prison time now is moot.[11]

(7)     Martin is now serving a term of probation, however.[12] So if he is correct in his assertions (*i.e.*, that he has some unaccounted-for previous "period of incarceration") and his calculations (*i.e.*, that is a two-day period),

---

[9]     DEL. CODE ANN. tit. 11, § 3901(c) (2016):

> Any period of actual incarceration of a person awaiting trial, who thereafter before trial or sentence succeeds in securing provisional liberty on bail, shall be credited to the person in determining the termination date of sentence.

[10]     D.I. 61.

[11]     *See, e.g., Gural v. State,* 251 A.2d 344 (Del. 1969) (adopting and applying the "collateral consequences" rule: "the satisfaction of the sentence renders the case moot unless, in consequence of the conviction or sentence, the defendant suffers collateral legal disabilities").

[12]     *See* Sentencing Order, at 1 (providing that Martin must serve an 18-month probated term); *see also* D.I. 61 (confirming that Martin is now serving that probated term).

and if he violates his probation, the maximum Level V term Martin could face would be diminished by the two additional days he sought here.[13]  That is how, when, and the only way he *might* receive credit for time he believes he is due.  But that calculation simply is not yet—and  hopefully never will be—a matter ripe for determination by the Court.

(8)   **NOW, THEREFORE, IT IS ORDERED** that Darnell D. Martin's motion for credit time is **DENIED** as **MOOT**.

**SO ORDERED this 11th day of October, 2019.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:   Timothy G. Maguire, Deputy Attorney General
Gregory E. Smith, Deputy Attorney General
Benjamin S. Gifford, IV, Esquire
Mr. Darnell Martin, *pro se*

---

[13]     *See* DEL. CODE ANN., tit. 11, § 4334(c) (2016); *Pavulak v. State,* 880 A.2d 1044, 1046 (Del. 2005); *Gamble v. State,* 728 A.2d 1171, 1172 (Del. 1999).